UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA            CRIMINAL ACTION

VERSUS

DONALD FRANCOIS, ET AL.            NO.: 3:12-cr-00053-BAJ-RLB

## RULING AND ORDER

Before the Court are two *pro se* motions, each styled **MOTION FOR THE RELIEF NAMED IN THE CAPTION (Doc. 145; Doc. 146).** These motions—filed in November 2013 and January 2014—are virtually identical in substance. (*Compare* Doc. 145, *with* Doc. 146). Each requests that this Court "order the Bureau of Prisons" to award Petitioner credit against his federal sentence for time he served in state custody prior to his federal arrest on charges of violating federal narcotics laws. (Doc. 145 at p. 1; Doc. 146 at p. 1). Petitioner argues that because he was: (1) arrested and detained by Louisiana authorities for violating state narcotics laws on February 12, 2012; (2) subsequently transferred to federal custody for federal prosecution on charges related to the *same* drug activities; and (3) ultimately convicted on federal charges stemming from said drug activities; he should (4) receive credit against his federal sentence from the date of his *original* Louisiana arrest and detention—*i.e.*, February 12, 2012. (*See* Doc. 145 at p. 1; Doc. 146 at p. 1; *see also* Doc. 9 at p. 1 (Federal Arrest Warrant executed May 3, 2012; Doc. 89 at p. 2, and ¶¶ 7–18, 89 (Presentence Investigation Report indicating that Petitioner was arrested by Louisiana authorities for the offense conduct underlying

his federal convictions on February 12, 2012)). The Government has not responded to either of Petitioner's motions.

Petitioner's motions will be denied. This is because regardless of the merit of Petitioner's claims, "[a]fter a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 18 U.S.C. § 3621(a)). Thus, "the Attorney General must . . . compute the credit that [Petitioner is due] under [18 U.S.C.] § 3585(b)," based on his detention in state facilities beginning February 12, 2012. *See id.* at 334; *see also id.* at 333 ("We do not accept [Petitioner's] argument that § 3585(b) authorizes a district court to award credit at sentencing."). If Petitioner is to obtain the relief he seeks, he must first pursue it through the appropriate administrative channels. *See id.* at 335 ("[T]he BOP [maintains] detailed procedures and guidelines for determining the credit available to prisoners. Federal regulations . . . afford[] prisoners administrative review of the computation of their credits, and prisoners have been able to seek judicial review of these computations *after* exhausting their administrative remedies." (emphasis added; citations omitted)).

Accordingly,

**IT IS ORDERED** that Petitioner's **MOTIONS (Doc. 145; Doc. 146)** are

each **DENIED.**

Baton Rouge, Louisiana, this 23 day of May, 2014.

_____
**BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**